UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-35-RJC

| | |
|---|---|
| MANUEL MENDOZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU TURNER, Female, | ) |
| OFFICER VON BREIGH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-2).

## I. BACKGROUND

Pro se Plaintiff Manuel Mendoza, a state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina, filed this action on February 22, 2012, pursuant to 42 U.S.C. § 1983. Plaintiff's action arises out of several unrelated incidents Plaintiff alleges occurred while he was incarcerated at Lanesboro Correctional Institution ("Lanesboro") in North Carolina. In his Complaint, Plaintiff names as Defendants "FNU Turner," identified as a correctional officer at Lanesboro, and "Officer Von Breigh," identified as a kitchen correctional officer.

In his Complaint, Plaintiff alleges that on April 12, 2011, another inmate named James Lomick confronted Plaintiff in front of Defendant Turner. (Doc. No. 1 at 5). Plaintiff alleges that the incident was loud enough for everyone within a thirty-foot radius to hear it, but that "Officer Turner never said a word to inmate James Lomick about what the problem might be, or

1

inquire[d] in any way [why] inmate James Lomick was making threats towards me." (Id.). Plaintiff alleges that he tried to ignore Lomick, proceed through the chow line, "and let that be the end of it." (Id.). Plaintiff alleges that when he returned to his cell block, Lomick attacked and assaulted him, beating him down to the ground and then kicking him in the head. (Id.). Plaintiff alleges that he was treated on April 18, 2011, for injuries sustained in the April 12 attack, and that his injuries "were on [his] head and [his] arm which were swollen badly because of the altercation." (Id. at 6). Plaintiff alleges that inmate Lomick "hit [Plaintiff] so hard he shattered his hand and wrist and had to have surgery." (Id.). Plaintiff alleges that a confidential informant falsely told prison officials that Plaintiff had swung at Lomick, and that Plaintiff was charged with an infraction for fighting, but that he was later found not guilty. (Id.). Plaintiff alleges that Defendant Turner "should have looked into why inmate James Lomick was threatening me to begin with, for my protection and safety" and that officer Turner "could have prevented" the altercation between Turner and Lomick. (Id. at 7).

Plaintiff also alleges in the Complaint that he is on a medical diet because of his cirrhosis of the liver and Hepatitis C. (Id.). Plaintiff alleges that on April 29, 2011, Defendant Von Breigh informed Plaintiff that he was too late for chow, even though chow was still being served. (Id.). Plaintiff told Von Breigh that he was on medication and needed to eat while taking his medication. (Id. at 8). Von Breigh told Plaintiff to leave the chow hall and that he would not be fed. Plaintiff told the officers that he was indigent and could not afford canteen, and that he would not leave until they gave him at least his medical snack bag and that his stomach was cramping. Officers then cuffed Plaintiff and took him to segregation. Plaintiff was released one hour later and he was not charged with anything. Plaintiff again told the officers he was on medication, that his stomach was hurting, that he had cramps, and that the doctors' orders were

2

to have food in his stomach. The officers told Plaintiff it was too late to do anything, but that snack bags were always available. Plaintiff then put in an emergency sick call and went to medical and told them about his medications and the doctors' orders and medical protocol.

Plaintiff next alleges that on May 8, 2011, he was on the wrong side of the diet line because he was too late for his special diet and was going to have to eat a regular diet. (Id. at 8-9). Von Breigh told Plaintiff it was "too late for diet" and that he would not get food and "to leave the chow hall." (Id. at 9). Plaintiff told Von Breigh to at least give him his snack bag, but Von Breigh refused. The officers again told Plaintiff to leave, to which he responded that his stomach hurt and he needed food. The officers then placed handcuffs on Plaintiff and sent him to segregation. Plaintiff was released from segregation an hour later. Plaintiff made an emergency sick call, and medical then gave Plaintiff an emergency pack-out snack. Plaintiff alleges that he later quit eating his special diet because of Von Breigh's intimidation, and that he is now eating an unhealthy diet. He alleges that the high-salt diet has caused significant water weight. (Id. at 10).

## II. STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, on March 30, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Furthermore, Plaintiff's inmate trust fund account shows that as of March 14, 2012, Plaintiff had $0.00 in his account. (Doc. No. 3 at 1). To this extent, Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Plaintiff's Eighth Amendment Claim Against Defendant Turner Based on Turner's Failure to Protect Plaintiff from an Assault by Inmate Lomick

A prison official's "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). The United States Supreme Court and the Fourth Circuit have rejected a negligence standard in determining deliberate indifference. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312, 1315-17 (4th Cir. 1991). Thus, merely negligent behavior by a prison official in failing to protect a prisoner from a risk of harm does not present a constitutional violation. See Whitley, 475 U.S. at 319 ("[C]onduct that does not purport to be punishment at all must involve more than ordinary lack of due care . . . . [O]bduracy and wantonness, not inadvertence . . . characterize the conduct prohibited by [the Eighth Amendment]."); see also Moore, 927 F.2d at 1316 (citing Fourth Circuit cases adopting

4

the Supreme Court's reasoning in Whitley).  The Supreme Court has summarized deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Farmer, 511 U.S. at 837.

Here, Plaintiff fails to state a claim against Defendant Turner based on failure to protect. Plaintiff alleges that Defendant Turner was in the chow hall when inmate Lomick was threatening Plaintiff.  Plaintiff does not, however, allege any facts tending to show that Turner knew or should have known that Lomick was subsequently going to approach Plaintiff outside of his cell and attack him.  In sum, Plaintiff fails to state a claim against Defendant Turner based on Turner's failure to protect Plaintiff from the attack by inmate Lomick.

      B.      <u>Plaintiff's Eighth Amendment Claim Against Defendant Von Breigh Based on Von Breigh's Refusal to Allow Plaintiff to Eat at the Chow Hall</u>

Plaintiff alleges that on two dates, April 29, 2011, and May 8, 2011, Defendant Von Breigh refused to let Plaintiff eat food from the chow line even though chow was still being served.  Plaintiff alleges that he later quit eating his special diet because of Von Breigh's intimidation, and that he is now eating an unhealthy diet.  These factual allegations by Plaintiff fail to state an Eighth Amendment claim against Defendant Von Breigh.  In the prison context, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  To show that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) an extreme deprivation of a basic human need; and (2) deliberate indifference to prison conditions by prison officials.

5

Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). To satisfy the objective element of a conditions of confinement claim, a prisoner must demonstrate an extreme deprivation, such as "serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) (quoting Strickler, 989 F.2d at 1381) (internal citations and quotation marks omitted)).

Plaintiff has not sufficiently stated a claim for an Eighth Amendment violation against Defendant Von Breigh. Taking Plaintiff's allegations as true, Defendant Von Breigh's refusal to allow Plaintiff eat from the chow line on two separate dates does not rise to the level of an "extreme deprivation" of Plaintiff's basic human needs, nor did this conduct amount to cruel and unusual punishment in violation of the Eighth Amendment. In sum, Plaintiff fails to state an Eighth Amendment claim against Defendant Von Breigh.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

2. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-2), is **GRANTED**.

3. The Clerk is instructed to terminate this case.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge